## LIABILITY FOR DEATH OF A BOY FROM BEING STRUCK BY A CAR.

Circuit Court of Hamilton County.

JOSEPH FRITCH v. CINCINNATI TRACTION CO.

Decided, March, 1911.

*Negligence—Newly-Discovered Evidence Which is Cumulative Only—Charge of Court as to Degree of Negligence for Which a Boy May Be Held.*

In an action against a traction company on account of the death of a boy eight years old from being struck by a car, it is prejudicial error to fail to so modify the usual charge to the jury with refer-

ence to negligence as to hold the decedent to only that degree of care and prudence which may be expected from a child of his age, capacity and intelligence.

*Gideon C. Wilson* and *Horstman & Horstman,* for plaintiff in error.

*Kinkead & Rogers,* contra.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

The court is of the opinion that there was no error in overruling the motion of plaintiff in error for a new trial on the ground of newly-discovered evidence. The evidence at its best was cumulative, and under the rule laid down in *Ludlow's Heirs* v. *Park,* 4 Ohio, 44, such evidence, while it might induce a different verdict with its introduction, it would not require a different one.

There was no error in the submission of the special interrogatories, nor in the giving of the special instructions asked by defendant in error except special charge No. 2 with reference to plaintiff's own evidence raising a suspicion that the decedent was negligent himself. We think under the circumstances of this case, the decedent being a child eight years of age, that the charge as given by the court is not qualified sufficiently to place before the jury the consideration of negligence upon his part from the standpoint of a boy of his age, capacity and intelligence. A child is held to such care and prudence only as would be expected from a child of his age and capacity. *Railway Co.* v. *Mackey,* 53 O. S., 370; 5 C.C.(N.S.), 321.

We find no other errors in the record, but for the above reason the judgment of the trial court will be reversed, and a new trial granted.